**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**ENTERED**

**AUG 31 1998**

|  |  |  |
|---|---|---|
| FANT INDUSTRIES INC. and | ) | |
| ANTHONY J. FANT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | **CV 98-C-757-S** |
| | ) | |
| HEI, INC., ROBERT L. BRUECK, | ) | |
| EUGENE W. COURTNEY, | ) | |
| WILLIAM R. FRANTA, | ) | |
| FREDERICK M. ZIMMERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON
## DEFENDANTS' MOTION FOR A PRELIMINARY INJUNCTION

Upon consideration of the motion of the defendant HEI, Inc. for a preliminary injunction, the

pleadings, the affidavits and the depositions that were submitted in support of and in opposition to

that motion, and upon hearing oral argument, the Court makes the following Preliminary Findings

of Fact and Conclusions of Law.

### I. PRELIMINARY FINDINGS OF FACT

**The Parties**

1.     Plaintiff Fant Industries Inc. ("Fant Industries") is a Delaware corporation with its

principal place of business in Jefferson County, Alabama.

2.     Plaintiff Anthony J. Fant ("Fant") is citizen of Alabama, residing in Jefferson County,

Alabama.  Fant is the President and Chief Executive Officer of Fant Industries.

43

3.      Defendant HEI, Inc. ("HEI" or the "Company") is a Minnesota corporation with its principal place of business in Minnesota. HEI specializes in the design and manufacture of ultra-miniature microelectronic devices and high technology products incorporating those devices.

4.      Defendants Robert L. Brueck, Eugene W. Courtney, William R. Franta and Frederick M. Zimmerman (collectively, the "Director Defendants") were members of the Board of Directors of HEI.

## The Tender Offer And Proxy Contest

5.      On or about February 17, 1998, Fant filed with the Securities and Exchange Commission (the "SEC") a Schedule 13D disclosing his beneficial ownership of 594,900 shares of common stock of HEI, which represented some 14.6% of the shares of HEI common stock outstanding as of December 16, 1997. The Schedule 13D disclosed Fant's intention "to seek to gain control" of HEI. Thereafter, Fant filed amendments to Schedule 13D, disclosing his acquisition of an additional 140,000 shares of HEI common stock in aggregate, and his contribution of 10,000 shares of HEI common stock to Fant Industries.

6.      In February 1998, Fant Industries retained R.J. Steichen & Co. ("Steichen"), on customary terms, to act as its financial advisor and as dealer-manager in connection with a contemplated tender offer for shares of HEI common stock. Steichen is a full-service securities firm engaged in securities trading, brokerage activities, investment banking and financial advisory services.

7.      On or about March 10, 1998, Fant Industries filed with the SEC a Form 14D-1 Tender Offer Statement for a cash tender offer for 468,000 shares of HEI common stock, which represented

approximately 11.5% of the outstanding shares of HEI common stock.  The Form 14D-1 was subsequently amended on several occasions.

8.      On or about March 27, 1998, Fant Industries filed with the SEC a Preliminary Proxy Statement on Form 14-A, which Proxy Statement was later filed in final form on April 23, 1998. Fant Industries proposed in the Proxy Statement to replace three of the incumbent directors of HEI. It also proposed to amend HEI's bylaws so as to eliminate the application of the Minnesota Control Share Acquisition Statute (the "Act") to the voting of HEI shares.  The Act provides that where a "control share acquisition" results in an "acquiring person" obtaining shares representing 20% or more of the voting power of a Minnesota corporation, such "acquiring person" may only vote in an election of directors as many shares as represent 20% of the voting power of the corporation, except with the approval of the corporation's other shareholders.

9.      HEI subsequently filed its own proxy material in opposition to the Fant Industries' proposals.  Thereafter, both the Fant Group and HEI solicited shareholders and made numerous mailings of proxy material, respectively for and against Fant Industries proposals.

10.      On or about May 6, 1998, the Fant Group made a demand on HEI to call a special meeting of shareholders.  HEI thereafter called a special meeting to be held on August 4, 1998. It set June 9, 1998 as the record date for shareholders entitled to vote at that special meeting.

**The Litigation**

11.      On March 27, 1998, the Fant Group filed the instant lawsuit against HEI, asserting, inter alia, claims against HEI for violations of the Securities Exchange Act of 1934 and for libel and slander. It also sought a declaratory judgment that its Tender Offer was in compliance with federal securities laws.  On April 20, 1998, HEI filed an action against the Fant Group in the United States

District Court for the District of Minnesota, (the "Minnesota action") asserting securities laws claims arising out of the same transactions at issue in the instant action. HEI and the Director Defendants moved to dismiss the complaint in the instant action on the ground of improper venue; or, in the alternative, to transfer it to the District of Minnesota pursuant to 28 U.S.C. § 1404(a). The Fant Group cross-moved to enjoin the defendants from proceeding with the Minnesota action on the basis of the "first filed" rule.

12. On July 24, 1998, HEI filed a motion for preliminary injunction in the Minnesota action. That motion was made returnable on August 3, 1998, the day before the special meeting was to be held. The Court granted the Fant Group's motion to enjoin the Minnesota action, and denied HEI's motion to dismiss or transfer the instant action. HEI then filed a counterclaim in this action and moved for a preliminary injunction.

13. HEI contends that certain public statements made by the Fant Group on June 15th, June 19th and July 15th were false and misleading and in violation Section 14(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder. These statements by the Fant Group related to HEI's earnings history, the possible outcome of the proxy contest and the voting of proxies by shareholders who had tendered their shares to Fant Industries. HEI sought a preliminary injunction pending the issuance of a permanent injunction nullifying all proxies voted in favor of the Fant Group that were dated or postmarked on or after June 15, 1998. HEI did not seek to postpone the special meeting nor did it request the Court to order corrective disclosure.

14. As a further basis for its motion, HEI claimed that Steichen and certain of its officers and employees, and Kyla B. Fant were, together with the Fant Group, part of the "acquiring person"

for purposes of the Act and that their aggregate voting power at the special meeting was accordingly limited to 20% of the total voting power of HEI shareholders.

## The Fant Group's Allegedly Misleading
## Proxy Materials

15. The Court has reviewed the advertisements published by the Fant Group on June 15 and 19, 1998; the statement made by Mr. Fant on June 15, 1998; and the advertisement published by the Fant Group on July 15, 1998. It preliminarily finds that, more likely than not, these statements were neither false nor misleading; nor did they omit material information that would have been viewed by a reasonable investor as substantially altering the total mix of information that was available to shareholders.

## The Alleged "Acquiring Person" for Purposes of
## The Minnesota Control Share Acquisition Statute

16. As of the record date, the Fant Group beneficially owned 734,900 shares of HEI common stock. This represented 17.95% of the shares of HEI common stock outstanding.

17. On or about March 3, 1998, Richard Heise, an employee of Steichen, had a telephone conversation with HEI's outside counsel, Deanne Greco of Moss & Barnett. Ms. Greco declares that Mr. Heise told her "that Steichen and Anthony J. Fant controlled enough HEI shares to determine any proxy contest." Mr. Heise in an affidavit agrees he had a conversation with Ms. Greco, but denies making the statement attributed to him. The Court makes no finding of fact as to this conversation.

18. As of the record date, Steichen was the beneficial owner of 9,605 shares of HEI common stock. These shares were not voted at the August 4, 1998 special meeting of shareholders.

19. John E. Feltl is the President and Chief Executive Officer of Steichen. As of the record date, he was, individually, the beneficial owner of 25,700 shares of HEI common stock. He voted his shares in favor of the Fant Group's proposals.

20. John C. Feltl, the son of John E. Feltl, was individually the beneficial owner of 1,600 shares of HEI common stock as of the record date. He voted his shares in favor of the Fant Group's proposals.

21. Roger Granberg, an employee of Steichen, was individually the beneficial owner of 1,000 shares of HEI common stock as of the record date. He voted his shares in favor of the Fant Group's proposals.

22. Dennis Hanish is the Branch Manager of the Bloomington, Minnesota and Scottsdale, Arizona branch offices of Steichen. As of the record date, Hanish, individually, was the beneficial owner of 67,000 shares of HEI common stock. He voted his shares in favor of the Fant Group's proposals, after being solicited by Fant for his proxy on several occasions.

23. Kyla B. Fant is the sister of Fant. She resides in Aliso Viejo, California. On or about March 19, 1998, Kyla B. Fant began purchasing shares of the common stock of HEI for her own account. As of the record date, she was the beneficial owner of 100,000 shares of the common stock of HEI, which shares she voted in favor of the Fant Group's proposals.

## The Results Of Shareholder Voting
## At The Special Meeting On August 4, 1998

24. As of the record date, there were 4,095,195 shares of common stock of HEI outstanding, with each share being entitled to one vote. The affirmative vote of a majority of outstanding shares was required to remove incumbent directors of HEI.

567641.1

25.     The official result of the voting in favor of the Fant Group's proposal to remove incumbent directors of HEI, as certified by independent inspectors of elections at CT Corporation System, was as follows:

| | |
|---|---|
| Total shares voting to approve removal of incumbent directors | 2,149,206 |
| Number of votes needed to remove incumbent directors | 2,047,598 |

26.     An amendment to the bylaws of HEI, and the election of new HEI directors, required the affirmative vote of a majority of the shareholders present or represented at the special meeting. Holders of 3,530,354 shares of common stock of HEI, constituting a quorum, voted in person or by proxy at the special meeting.

27.     The official, certified result of the voting in favor of the Fant Group's proposal to amend HEI's bylaws, was as follows:

| | |
|---|---|
| Total shares voting to approve bylaws amendment | 2,203,392 |
| Number of shares needed to effect amendment to bylaws | 1,765,178 |
| Percentage of voted shares voting to approve bylaws amendment | 62.4% |

## II. CONCLUSIONS OF LAW

28.     In order to obtain a preliminary injunction, HEI "must show: '(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) its own injury outweighs the injury to the [Fant Group]; *and* (4) the injunction would not disserve the public interest.'" Cuban American Bar Ass'n, Inc. v. Christopher, 43 F.3d 1412, 1424 (11th Cir. 1995) (quoting Haitian Refugee Ctr., Inc. v. Baker, 949 F.2d 1109, 1110 (11th Cir. 1991)).

## Conclusions Of Law As To The Fant Group's
## Allegedly Misleading Proxy Materials

29.     HEI has not met its burden of demonstrating a substantial likelihood of success in establishing that the statements referred in paragraph 15 above were false or misleading or omitted material information.

30.     HEI has not met its burden of establishing that it will suffer irreparable harm if a preliminary injunction is not granted nullifying all votes for the Fant Group dated or postmarked on or after June 15, 1998. The Court finds that in waiting until the eve of the shareholder meeting before bringing on its motion, even though it had known most of the relevant facts for many weeks or months prior thereto, HEI waived any claim that it would suffer irreparable injury if a preliminary injunction were not granted.

31.     HEI has not met its burden of proving that any injury to itself would outweigh the injury to the Fant Group, or to the other shareholders of HEI, or that the public interest would not be disserved if an injunction were granted. The Court finds that the injury to the Fant Group and the other shareholders of HEI would outweigh any injury to HEI, and that the public interest would be disserved if an injunction were granted barring the removal of directors and amendment of bylaws pending a trial on whether all votes received on or after June 15, 1998 in favor of the Fant Group should effectively be cancelled.

## Conclusions Of Law As To The "Acquiring Person" For
## Purposes Of The Minnesota Control Share Acquisition Statute

32.     The Court finds that evidence at trial is likely to establish that both John E. Feltl and Kyla B. Fant were parties to an implied arrangement or understanding with the Fant Group concerning the acquisition, holding or voting of HEI shares.

33.     The Court finds that the evidence is not likely to establish at trial that John C. Feltl, Roger Granberg or Dennis Hanish were parties to any written, oral or implied agreement, arrangement or understanding with the Fant Group concerning to the acquisition, holding, or voting of HEI shares.

34.     HEI has not demonstrated a substantial likelihood that it will suffer irreparable harm if the Court does not grant a preliminary injunction with respect to those shares voted by the Fant Group, John E. Feltl and Kyla B. Fant, in aggregate, that exceed the 20% limitation on voting power imposed by the Act.

35.     If the 20% voting rights limitation of the Act is applied to the aggregate votes cast by the Fant Group, Kyla B. Fant and John E. Feltl, and the number of votes in favor of the Fant Group's proposal to remove incumbent directors were reduced by the number of their votes in excess of 20%, the result would be as follows:

| | | |
|---|---|---|
| Total shares voting to approve removal of incumbent directors | | 2,149,306 |
| Shares voted by "Acquiring Person:" | | |
| Fant | 734,900 | |
| Kyla B. Fant | 100,000 | |
| John E. Feltl | 25,700 | |
| | 860,600 | |
| Less 20% of total shares outstanding | (819,039) | |
| Votes of "Acquiring Person" in excess of 20% limit | 41,561 | (41,561) |
| Votes for removal of incumbent directors less excess of 20% limit | | 2,107,645 |
| Votes needed to remove incumbent directors | | 2,047,598 |
| Margin of approval after deduction of excess of 20% limit | | 60,047 |

36.     The Court finds that the Fant Group's proposals will be approved by the requisite shareholder majorities, even after giving effect to the voting power limitations of the Act.

## Conclusions Of Law As To Schedule 13D

37.     In its reply and supplemental memoranda of law, but not in its original motion papers, HEI argued that the Court should preliminarily enjoin the votes of all shares beneficially owned by Kyla B. Fant and John E. Feltl on the ground that the Schedules 13D filed by Fant Industries did not list these individuals as part of a group.

38.     The 11th Circuit Court of Appeals has ruled that the remedy HEI seeks -- cancellation of votes -- cannot be implied from Section 13(d). That Court has held that the only remedy available to an issuer is an order directing that a corrected Schedule 13D be filed. Liberty National Ins. Holding Co. v. Charter Co., 734 F.2d 545 (11th Cir. 1984); Florida Commercial Banks, Inc. v. Culverhouse, 772 F.2d 1513 (11th Cir. 1985). Inasmuch as HEI does not move for such relief, its claim under Section 13(d) must be denied.

Based on the foregoing Findings of Fact and Conclusions of Law, the motion of defendant HEI, Inc. for a preliminary injunction will be denied by separate order.

DONE this 28th day of August, 1998, at Birmingham, Alabama, 3:30 P.M.

United States District Judge
U. W. Clemon